UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOANNA FAN,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:17-cv-630(SRU) |
| WARDEN D.K. WILLIAMS,<br>    Respondent. | :<br>:<br>: |

# **RULING AND ORDER**

The petitioner, Joanna Fan, is currently confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). On April 12, 2012, in the United States District Court for the Eastern District of New York, Fan pleaded guilty to one count of embezzlement in violation of 18 U.S.C. § 666(a)(1)(A)(i). *See* Petition, ECF No. 1 at 23, 29. On October 1, 2013, Chief United States District Judge Dora L. Irizarry sentenced Fan to serve fifty-seven months of imprisonment followed by three years of supervised release, to pay a fine of $100,000.00, and to make restitution in the amount of $2,210,377.45 to the United States Department of Agriculture. *See id.* at 1, 24-27.

Fan has now filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' decision to deny her request for release to a residential reentry center or home confinement twelve months before the expiration of her sentence pursuant to the Second Chance Act, 18 U.S.C. § 3624. For the reasons that follow, the petition is dismissed with leave to amend.

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to

conviction." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Before filing a petition for a writ of habeas corpus in federal court, however, a federal inmate is required to exhaust all administrative remedies. *Id.* at 634.

The United States Bureau of Prisons has established procedures whereby federal prisoners may seek review of complaints which relate to any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10–542.17. The Bureau of Prisons' Administrative Remedy Program consists of a four-step process: (1) the inmate must attempt informal resolution with prison staff; (2) the inmate must submit a formal written "Administrative Remedy Request" to the Warden within twenty calendar days of the incident giving rise to his or her claim; (3) the inmate must appeal an adverse decision from the Warden to the appropriate Regional Director within twenty calendar days from the date the Warden signed the decision; and (4) the inmate must appeal the Regional Director's adverse decision to the Bureau of Prisons General Counsel's office within thirty calendar days from the date the Regional Director signed the decision. At any level, a request or appeal may be rejected and returned to the inmate if the request or appeal does not meet a submission requirement. If a defect can be corrected, the inmate may re-submit the appeal or request after correcting the defect. *See* 28 C.F.R. § 542.17. An inmate must exhaust all four steps prior to filing a section 2241 petition. *See Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994).

It appears from the documents Fan submitted along with her petition that although she completed the first three steps of the administrative remedy process, she did not fully exhaust her administrative remedies at the fourth step prior to filing this action. On February 21, 2017, Fan filed an appeal of the denial of her request by the Regional Director with the General Counsel's Office.

2

On March 3, 2017, the Administrative Remedy Coordinator in the Central Office rejected the appeal and returned it to Fan because she had not attached a copy of her appeal to the Regional Director or a copy of the Regional Director's decision to her appeal and did not submit the proper number of continuation pages with her appeal. The rejection notice included a notation to condense the continuation page to one page and to provide four copies of the continuation page with her appeal. The rejection notice was received at FCI Danbury on March 20, 2017, and it appears that Fan took no further action with regard to the appeal before filing her petition with this court on April 17, 2017.

Fan has set forth no facts demonstrating a legitimate basis for her failure to re-submit her appeal to the General Counsel's Office. Nor are there any facts to suggest that the court should excuse Fan from fully completing her administrative remedies prior to filing this action. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Exhaustion of claims in a section 2241 petition "may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.") (internal quotation marks and citations omitted). Because Fan did not exhaust all of her available remedies under the Bureau of Prisons' Administrative Remedy Program regarding her request for release to a residential reentry center or to home confinement prior to filing this action, the petition is dismissed without prejudice.

**Conclusion**

The Petition for Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED** without prejudice for failure to exhaust available administrative remedies.

The court will permit Fan **sixty days** to file an amended petition that addresses whether she in fact took further action to exhaust her administrative remedies at step four of the Bureau of Prisons' Administrative Remedy Program or explains why she chose not to complete the fourth step in the administrative remedy procedure. If Fan chooses not file an amended petition within the time specified, the Clerk is directed to enter judgment for the respondent and close this case.

SO ORDERED at Bridgeport, Connecticut this 28th day of April, 2017.

　　　　　　　　　　　　　　　　　　/s/ Stefan R. Underhill
　　　　　　　　　　　　　　　　　　STEFAN R. UNDERHILL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE