# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOANNA FAN,
      Petitioner,

      v.

D.K. WILLIAMS,
      Respondent.

No. 3:17-cv-630 (SRU)

## ORDER

The petitioner, Joanna Fan, is currently confined at the Federal Correctional Institution in Danbury, Connecticut. This action is before me on Fan's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. # 1.) Fan challenges the Bureau of Prisons' ("BOP") recommendation of reentry placement for less than the maximum twelve months allowed under 18 U.S.C. § 3264. I assume the parties' familiarity with the relevant facts and procedural history, and briefly summarize only those parts necessary to explain this order.

On July 20, 2017, the respondent, Warden D.K. Williams, filed a Motion to Dismiss, or, in the alternative, for Summary Judgment. (Doc. # 19.) On July 26, 2017, Fan filed a Motion to Compel Discovery (doc. # 21), and on August 3, 2017, Fan filed a Motion to Expedite the determination of that motion (doc. # 22). Following the failure of the BOP to place Fan in a reentry facility on October 2, 2017, the original date recommended by the BOP for such placement, Fan filed a Motion for Expedited Status Conference. (Doc. # 24.) For the following reasons, I **deny** Fan's Motion to Compel Discovery, and **deny as moot** Fan's Motion to Expedite and Motion for Expedited Status Conference.

Both parties acknowledge that "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course", and that, instead, discovery may only be authorized if I determine

that "good cause" for discovery has been shown. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). This "good cause" standard is satisfied when the petitioner provides "specific allegations" that "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [s]he is . . . entitled to relief." *Id.* at 908-09 (second alteration in original).

Here, Fan grounds her "good cause" argument entirely on the submission of a BOP record from March 2014, which contains a "Home Eligibility Date" of October 1, 2017. Fan argues that the fact that a "Home Eligibility Date" of October 1, 2017 was recorded by the BOP as early as 2014 shows reason to believe that the BOP insufficiently considered the statutorily required factors, three years later, when it recommended October 1, 2017 as the date for Fan's transfer to a residential re-entry center ("RRC"). *See* Motion for Discovery at 2, 6. As Williams has pointed out, however, Fan's argument is without merit. The "Home Eligibility Date" pointed to by Fan in documents from 2014 and 2017 is not the result of the BOP's RRC recommendation, and instead corresponds to the formulaic calculation of Fan's eligibility for home confinement pursuant to 18 U.S.C. § 3624(c)(2).[1] It is thus unsurprising that the product of that calculation was identical in 2014 and 2017, and, while the calculation may have been pertinent to the BOP's RRC recommendation, it does not suggest that the BOP's separate determination of a recommended RRC date did not include consideration of all required factors.[2] Accordingly, Fan has provided no facts or argument showing good cause for discovery, and her Motion for Discovery is **denied**.

---

[1] Section 3624(c)(2) provides that a prisoner may be placed in home confinement "for the shorter of 10 percent of the term of imprisonment . . . or 6 months". Fan was sentenced to a term of imprisonment of 57 months, and thus 10 percent of her term of imprisonment is 5.7 months, which is less than 6 months. Given that her presumptive release date is March 22, 2018, the beginning of her eligibility for home confinement can be calculated as October 1, 2017.
[2] The BOP's recommended RRC date appears to have been related to the "Home Eligibility Date" inasmuch as the BOP recommended that Fan be placed into home confinement at the soonest date for which she was eligible (October 2, 2017, in light of the fact that October 1, 2017 fell on a Sunday). *See* Exhibit B, Motion for Discovery.

Because I have denied Fan's Motion for Discovery (doc. # 21), I **deny as moot** her Motion to Expedite the determination of that motion (doc. # 22).

The only ostensible bases for Fan's Motion for Expedited Status Conference (doc. # 24) are to resolve the now settled discovery dispute, or to bring to my attention the fact that Fan has not yet been placed in home confinement and thus to pursue expeditious resolution of her underlying petition. I therefore also **deny as moot** her Motion for Expedited Status Conference. In the event she has not by then been placed into home confinement, Fan is hereby directed to respond to Williams's Motion to Dismiss, or, in the alternative, for Summary Judgment (doc. # 19) within fourteen days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of October 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge